UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CHRISTOPHER MORRIS**                         **CASE NO.  3:20-CV-00387**

**VERSUS**                                     **JUDGE TERRY A. DOUGHTY**

**SAMMIE BYRD**                                **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

On March 26, 2020, attorney L. Clayton Burgess, on behalf of his client, Christopher Morris, filed the instant suit in federal court against Sammie Byrd, alleging violations of his civil rights under 28 U.S.C. 1983. [doc. # 1]. On March 26, 2021, Mr. Burgess moved to withdraw as counsel because he has been unable to contact Mr. Morris for many months, despite numerous attempts. [doc. # 22]. The court granted the motion. [doc. # 24]. Further, the court ordered that within thirty days, Mr. Morris must either enroll new counsel or file a notice with the Clerk of Court that he intends to represent himself. [doc. # 25]. The court cautioned Mr. Morris that failure to comply could result in the dismissal of his case for failure to prosecute. [doc. # 25].

Though notice was mailed to Mr. Morris at his last known address, the mail was returned as undeliverable. [doc. # 26]. The time for compliance expired, but Mr. Morris did not comply with the order. Accordingly, an order to show cause was issued on May 4, 2021, directing Mr. Morris to show cause in writing why he failed to comply with the court's order. [doc. # 28]. Mr. Morris was ordered to either enroll new counsel or file a written document with the court that he intends to represent himself in belated compliance with the prior order and was further ordered to update his address. [doc. # 28]. Once again, notice was mailed to Mr. Morris but was returned as

undeliverable. [doc. # 29]. The time for compliance with the court's order to show cause has expired, and Mr. Morris has not complied.

### Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Fifth Circuit has noted that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

To the extent that the applicable statute of limitations eventually may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," which is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). Additionally, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in

2

this case. As discussed above, Mr. Morris has ignored more than one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that he no longer wishes to pursue his cause of action.[1] Finally, Mr. Morris's frequent disregard of court orders[2] reflects his own contumaciousness or "stubborn resistance to authority"[3] which is personally attributable to him as a litigant unrepresented by counsel.[4]

## Conclusion

Upon consideration, the court is constrained to find that this matter is subject to dismissal for failure to prosecute/heed orders of the court. FED. R. CIV. P. 41. Accordingly,

IT IS RECOMMENDED that the instant suit be DISMISSED, with prejudice. FED. R. CIV. P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final

---

[1] If Mr. Morris disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.

[2] This report and recommendation itself provides Mr. Morris with further notice of his non-compliance.

[3] *See Millan,* 546 F.3d at 325.

[4] While the court is aware that Mr. Morris is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 24th day of May, 2021.

                                                        KAYLA D. MCCLUSKY
                                          UNITED STATES MAGISTRATE JUDGE